UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          :      Chapter 13

CHERYL A. RANDALL                              :

            Debtor                             :      Bankruptcy No. 06-11832

................................................

ORDER

................................................

AND NOW, this 5th day of October 2006, upon motion of Bank One, N.A.

to terminate the automatic stay in this chapter 13 case pursuant to 11 U.S.C. § 362(d),

            And upon consideration of the debtor's answer in opposition thereto,

            And an evidentiary hearing was held in this contested matter, but neither

party elected to offer any testimony.  Instead, various documents were introduced in

evidence,

            And based upon those documents and the admissions made, the following

facts were proven,

            And on or about December 15, 2000, the debtor (and Melvese Hughie)

signed a note and mortgage in favor of Bankers First Mortgage Co., Inc.  Exs. M-1, M-8,

and R-1.  The note was in the amount of $30,000, called for monthly payments of

$331.63, and matured in December 2015.  Ex. M-1.  The mortgage covered the realty

located at 6112 Upland Street, Philadelphia, Pennsylvania.  Ex. M-8,

            And on January 4, 2001, the mortgage was assigned to Bank One, N.A.  Id.,

            And Bank One obtained a prepetition judgment against the debtor in state

court, evidenced by the debtor's admission: "On November 4, 2005, Movant took a

default judgment in mortgage foreclosure for $44,757.76 . . . ."  Answer, ¶ 8,

And on May 2, 2006, the debtor filed the instant chapter 13 petition.  This is her third bankruptcy filing, the prior two cases having been dismissed.  Motion and Answer, ¶ 14,

And the debtor's bankruptcy schedules value her interest in 6112 Upland Street, her residence, at only $7,500 with a secured claim of $5,200.[1]  Bank One is listed as the creditor holding this secured claim.  Ex. M-7 (schedules A & D).  The debtor also listed an interest in 6116 Upland Street valued at $10,000, without any liens upon it.  Id.,

And the debtor has proposed a chapter 13 plan calling for 60 monthly payments of only $50.  Ex. M-2.  The proposed plan provides that Bank One would receive a distribution of $2,500 under the plan, as its "secured status [is] disputed because loan rescinded."  Id.,

And the debtor's income and expenses disclose that the former exceeds the later by only $59.  Ex. M-7 (schedule J).[2]  No expense is listed for mortgage or rent payments.  Id.  Therefore, there was no evidence offered that the debtor could afford to pay Bank One the monthly payments called for by its promissory note,

And Bank One has filed a secured proof of claim in this case asserting that the debtor owes it "$56,600 approx" and that the pre-bankruptcy mortgage arrearage totals $26,331.02, including 48 missed monthly payments of $331.63.  Ex. M-3.  Bank One has also filed  an objection to confirmation of the debtor's proposed plan.  Ex. M-6,

---

[1]Based upon the debtor's exemption schedule C as well as schedule D, both of which value the realty at $15,000, the value of the debtor's interest in the realty found in schedule A appears to be 50% of the value of the real property.  Ex. M-7.

[2]Schedule J also states that the debtor anticipates opening a day care center, which will yield increased income.  Ex. M-7.  There was no testimony offered about this assertion.

And as of the date of the hearing on the instant motion, the debtor had not tendered any plan payments to the trustee. Ex. M-5. Furthermore, she had not tendered any postpetition mortgage payments to Bank One. Motion and Answer, ¶ 13,

And on November 6, 2000, the debtor (and Melvese Hughie) signed an agreement with Classic Exteriors by Alan Cherry, Inc., styled a "Home Improvement Agreement for Installation & Service" involving improvements and repairs to 6112 Upland Street. Ex. R-3. This agreement called for the debtor and Ms. Hughie to pay $19,769 for the work financed at $245 per month for 180 months. Id.,

And on December 28, 2000, the debtor (only) purportedly signed a "revised" "home improvement agreement" with Classic Exteriors for work to be done at 6116 Upland Street, calling for payments totaling $13,350 with the finance terms not completed. Ex. R-4,

And the debtor thereafter filed a complaint with the Pennsylvania Bureau of Consumer Protection against Bankers First, asserting that as of February 21, 2001 she had not received the loan proceeds. Ex. R-7. On April 2, 2001, Bankers First Mortgage Co. responded to the Bureau that certain loan proceeds were distributed to various secured and unsecured creditors of the borrowers as reflected in a HUD-1 loan closing document, and other distributions were made to the borrowers and to Classic Exteriors. Id,

And in response to letters sent to the Bureau by Classic Exteriors and Bankers First, the debtor wrote two additional letters complaining that she did not owe creditors the sums that the lender stated were distributed, that she never signed the revised home improvement contract, and that she never agreed to postpone the home improvement work, which work Classic Exteriors stated to the Bureau was due to

3

commence in May 2001.  Ex. R-7.  In December 2001, the Bureau closed its file by

informing the debtor that if she believed she had a valid claim, she should commence a

civil action.  Id.,

And on April 28, 2003, the debtor, through her counsel, sent a notice of

rescission to Bank One, asserting that she had a right to cancel the December 15, 2000

secured loan, because she did not receive all material loan disclosures under the federal

Truth in Lending Act and because the loan transaction was governed by the Pennsylvania

Home Finance Act, 73 P.S. § 500-101 et seq.  Ex. R-8.  Counsel for Bank One then

responded on May 20, 2003, requesting more detailed information about the alleged

errors, and also suggesting that Bank One, as assignee, might not be aware of such errors

from a review of the documents.  Ex. R-9,

And on August 1, 2006, the debtor commenced an adversary proceeding in

this court against Bank One and Bankers Trust.[3]  The complaint asserts three claims: one

under the Pennsylvania Home Improvement Finance Act seeking treble damages; one

under the Truth in Lending Act, seeking rescission of the loan, plus statutory damages

and recoupment; and one under The Home Ownership and Equity Protection Act of 1994

("HOEPA", which was an amendment to the Truth in Lending Act governing certain

types of mortgage loans) seeking the same relief as in count II.  Ex. D-10,

And in paragraphs 15-16 of this complaint, the debtor alleges that the three-

day notice of right to cancel under the Truth in Lending Act was deficient because she

"was required to sign confirmation [presumably at the time of the loan] that the three days

---

[3]The complaint also names the chapter 13 trustee, William C. Miller, as a party.
Ex. D-10.  It is unclear whether the trustee is named as a party plaintiff or a party defendant; nor
does it appear that any relief is sought from Mr. Miller.

4

had passed and the loan was not cancelled nullifying the Notice of Right to Cancel." Ex.

R-10, ¶ 16,

And Exhibit R-5 is a copy of a Notice of Right to Cancel. The document

states that the lender was Bankers First, the date was December 15, 2000, and the

borrowers were the debtor and Melvese Hughie. Id. The notice states that the borrowers

have until December 19, 2000 to cancel the transaction. The notice is signed by the

debtor and Ms. Hughie twice: once stating that they had received a copy of the notice,

with December 15, 2000 typed after their signatures; and once also stating that the three-

day rescission period had expired and that they elected not to cancel the loan. The date of

December 20, 2000 is typed after their signatures. Ex. R-5,[4]

And, as a general principle, whether to modify, condition, or annul the

bankruptcy stay under section 362(d)(1) is committed to bankruptcy court discretion, see

Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982); In re Shariyf, 68 B.R. 604 (E.D. Pa.

---

[4]Bank One filed a post-hearing memorandum in connection with this contested matter. The creditor also filed a separate motion to dismiss the adversary proceeding, with a supporting legal memorandum. (The parties obtained recently a postponement of oral argument on that dismissal motion.) The debtor, however, elected to file a post-hearing memorandum which addressed both the lift-stay motion and Bank One's discrete motion to dismiss her adversary proceeding.

Insofar as Bank One's motion to dismiss the adversary proceeding asserts the debtor's failure to state a claim under Fed. R. Bankr. P. 7012 (incorporating Fed. R. Civ. P. 12(b)(6)) the factual allegations in her complaint can be accepted as true. See, e.g., Scheuer v. Rhodes, 416 U.S. 232 (1974); Conley v. Gibson, 355 U.S. 41, 45 (1957). But such allegations are not accepted as true in the context of Bank One's motion to terminate the bankruptcy stay.

Therefore, to the extent that the debtor's memorandum relied upon the truth of her allegations in her complaint, those allegations were not considered in resolving the instant lift-stay motion, as she offered no evidence in support thereof. Furthermore, the debtor attached additional documents to her answer in opposition to the creditor's motion to dismiss that were not offered in evidence in this contested matter and thus not considered. However, the debtor's counsel did offer in evidence (without objection) a copy of the notice of cancellation given to her in December 2000.

5

1986), and is to be determined by examining the totality of the circumstances.  See Matter

of Baptist Medical Center, Inc., 52 B.R. 417, 425 (E.D.N.Y. 1985), aff'd, 781 F.2d 973

(2d Cir. 1986),

      And evidence of a debtor's postpetition default in mortgage payments or

plan payments meets the mortgagee's initial burden of production in establishing cause

for relief under section 362(d)(1).  See, e.g., In re Halley, 70 B.R. 283, 285 (E.D. Pa.

1987); In re Skipworth, 69 B.R. 526 (Bankr. E.D. Pa. 1987); In re Wright, Egan &

Assocs., 60 B.R. 806 (Bankr. E.D. Pa. 1986); In re Keays, 36 B.R. 1016 (Bankr. E.D. Pa.

1984); see also In re Shariyf,

> As explained by one court:
>
> Where, as here, relief from stay is grounded in cause, based
> on lack of post-confirmation maintenance payments, the
> moving creditor must establish a prima facie case supporting
> the cause for relief from the automatic stay.  Such a prima
> facie case must include: (1) a showing of an obligation owing
> by the debtor to the creditor; (2) a valid security interest as to
> which relief from stay is sought . . .; (3) the cause justifying
> relief from stay, such as the post-petition or post-confirmation
> default.

In re Kim, 71 B.R. 1011, 1016 (Bankr. C.D. Cal. 1987) (citation omitted),

      And upon the movant's meeting its initial burden of production, the debtor

must then come forward with evidence demonstrating that the mortgagee's secured

interest is adequately protected under section 362(d)(1).  11 U.S.C. § 362(g)(2); see, e.g.,

In re Hinchliffe, 164 B.R. 45, 48-49 (Bankr. E.D. Pa. 1994); In re Skipworth.  Such

adequate protection may be provided in a variety of ways.  11 U.S.C. § 361.  In general,

adequate protection may be demonstrated by: the existence of an equity cushion, see e.g.,

In re Indian Palms Associates, Ltd., 61 F.3d 197, 207-08 (3d Cir. 1995); Pennsylvania

6

State Employees' Retirement Fund v. Roane, 14 B.R. 542 (E.D. Pa. 1981); the creation of

a replacement lien on other, unencumbered property, 11 U.S.C. § 361(2), see, e.g., In re

Ahlers, 794 F.2d 388, 398 (8th Cir. 1986), rev'd on other grounds, 485 U.S. 197 (1988);

cash payments to the secured creditor, 11 U.S.C. § 361(1), see, e.g., In re McKillips, 81

B.R. 454, 458-59 (Bankr. N.D. Ill. 1987); or, a viable plan of reorganization which meets

the debtor's statutory obligations to the secured creditor, see In re Philadelphia Consumer

Discount Co., 37 B.R. 946, 949 n.9 (E.D. Pa. 1984); In re Skipworth,

 And the debtor contends that the security interest of Bank One is not

entitled to adequate protection because its mortgage lien is subject to rescission in the

pending adversary proceeding.  She also argues that, to the extent required, she is

"prepared to offer adequate protection . . . including additional real property as security

while the adversary is being litigated."  Answer, ¶ 17,

 And, in general, the pendency of an adversary proceeding challenging a

secured creditor's lien, without more, does not warrant denial of a motion to terminate the

stay,

 And "[c]ontested matter proceedings [such as motions under Fed. R. Bankr.

P. 4001(a) and 9014 to terminate the automatic stay] are generally designed for the

adjudication of simple issues, often on an expedited basis."  Matter of TransAmerican

Natural Gas Corp., 978 F.2d 1409, 1416 (5th Cir. 1992), cert. dismissed sub nom.

TransAmerican Natural Gas Corp. v. Toma Steel Supply, Inc., 507 U.S. 1048 (1993).

Indeed, Congress intended that lift-stay motions, such as the one before me, be decided

expeditiously.  See generally 11 U.S.C. § 362(e); In re Wedgewood Realty Group, Ltd.,

878 F.2d 693, 700 (3d Cir. 1989); In re Wood, 33 B.R. 320, 322 (Bankr. D. Idaho 1983)

("Section 362(e) is a specific provision enacted by Congress for the purpose of providing a special protection and a speedy remedy to secured creditors."); <u>Matter of Georgia Steel, Inc.</u>, 19 B.R. 523, 524 (Bankr. M.D. Ga. 1982); <u>cf.</u> <u>In re Orion Pictures Corp.</u>, 4 F.3d 1095, 1098-99 (2d Cir. 1993) ("At heart, a motion to assume should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate.  It is not the time or place for prolonged discovery or a lengthy trial with disputed issues."), <u>cert.</u> <u>dismissed</u> <u>sub</u> <u>nom.</u> <u>Orion Pictures Corp. v. Showtime Networks, Inc.</u>, 511 U.S. 1026 (1994),[5]

        And, nonetheless, if a party seeks relief from the bankruptcy stay to enforce a secured interest in property, and if that request is opposed on the basis that no such security interest exists under relevant non-bankruptcy law (or the security interest is materially smaller than claimed), then a bankruptcy court may—in deciding whether to terminate the automatic stay—hear evidence from the objector to determine whether there is a reasonable possibility that the objector would prevail in a forthcoming adversary proceeding (which later litigation can completely determine those challenges to the property interest).  <u>See</u> <u>In re Montgomery</u>, 262 B.R. 772, 776 & n.5 (B.A.P. 8th Cir. 2001) (emphasis in original):

>        A more congruent alternative would be a <u>conditional</u> denial of
> relief from stay, under requirement that the respondent
> promptly commence and prosecute its separate litigation.
> (This result, of course, should be limited to cases where there

---

[5]Although Bank One is entitled to have its lift-stay motion determined promptly, it expressly waived at the hearing the 30-day provisions of section 362(e) in order to brief the legal issues posed in this contested matter.  Nonetheless, Bank One did not agree that the resolution of its lift-stay motion should await the outcome of the adversary proceeding.

is a strong suggestion of avoidability or infirmity in the record
before the bankruptcy court.)

See also, e.g.,  In re Fitzgerald, 237 B.R. 252, 259-60 (Bankr. D. Conn. 1999); In re

Moore & White Co., 83 B.R. 277, 283-84 (Bankr. E.D. Pa. 1988); In re Gellert, 55 B.R.

970, 976 (Bankr. D.N.H. 1985),

And thus, in opposing a lift-stay motion, an objector must demonstrate

some probability of success in a later bankruptcy challenge to the validity or amount of

the property interest asserted by the movant, in order to justify the stay remaining in place

until some pending or future adversary proceeding is determined.  See generally Matter of

White Birch Park, Inc., 471 F. Supp. 159, 163 (E.D. Mich. 1979) ("In a hearing for a

preliminary injunction, the Court must consider a party's likelihood of success on the

merits as a condition to preliminary relief.").  Were no such burden placed upon the

objector, then a party could simply extend the bankruptcy stay merely by filing an

adversary proceeding and pointing to its existence at the lift-stay hearing.  See In re

Schlupp, 2005 WL 2483209, at *5 (Bankr. E.D. Pa. 2005) (Sigmund, J):

> [Debtor's counsel] commences an adversary proceeding
> claiming the sale can be avoided on bankruptcy or other still
> available grounds and argues that the court must await the
> trial of the adversary case to determine whether the plan is
> confirmable. I have rejected that contention on innumerable
> occasions, requiring the debtor to come forward to establish a
> possibility that he could prevail in the litigation to warrant
> continuation of the stay and/or case. To do otherwise is to
> allow a conclusory pleading to delay the exercise of a
> creditor's rights.

see also In re Rocco, 319 B.R. 411, 419 (Bankr. W.D. Pa. 2005); In re Wile, 310 B.R.

514, 519 (Bankr. E.D. Pa. 2004),

And Bank One contends, <u>inter alia</u>, that this court has no jurisdiction to rescind the loan due to the <u>Rooker-Feldman</u> doctrine,[6] based upon the entry of judgment in foreclosure against the debtor. <u>See</u>, <u>e.g.</u>, <u>Crutchfield v. Countrywide Home Loans</u>, 389 F.3d 1144 (10th Cir. 2004). It also maintains that the rescission and damage actions are outside the relevant statute of limitations. <u>See</u> <u>generally</u> <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410 (1998). Thus, the movant argues that the debtor has no possibility of success in her pending adversary to eliminate or significantly reduce the movant's security interest,

And for reasons previously articulated in <u>In re DeShields</u>, <u>slip. op</u>, reported at http://www.paeb.uscourts.gov/pages/pubopins/pdf/deshields.05-0313.eastern.12b6. limitations.wo.pdf (Bankr. E.D. Pa. 2005), the debtor's notice of rescission sent within three years of the loan closing can be sufficient to meet any limitations requirement found in U.S.C. § 1635(f), even if the civil action to enforce rescission is commenced afterwards. Thus, on this limited evidentiary record I cannot conclude that the rescission claims of the adversary proceeding will likely be dismissed as untimely,

And further, I shall assume <u>arguendo</u> that the <u>Rooker-Feldman</u> doctrine, as well as issue and claim preclusion are not applicable to deprive this court of the ability to

---

[6]The doctrine derives from two Supreme Court decisions: <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>D.C. Circuit Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

adjudicate the merits of the debtor's pending adversary proceeding.  See generally In re

Apaydin, 201 B.R. 716, 721 (Bankr. E.D. Pa. 1996),[7]

      And further, I shall accept, for purposes of this contested matter only, that

notice of cancellation given to the debtor in December 2000 did not clearly and

conspicuously provide her with proper disclosure of her three-day right to rescind the

loan, and that this error was a material disclosure violation entitling her to recoupment as

well as extending her cancellation rights.  See, e.g., Rodrigues v. Members Mortgage Co.,

323 F. Supp. 2d 202, 209 (D. Mass. 2004); Wiggins v. Avco Financial Services, 62 F.

Supp. 2d 90 (D.D.C. 1999); see generally In re Porter, 961 F.2d 1066, 1076-77 (3d Cir.

1992); Mount v. LaSalle Bank Lake View, 926 F. Supp. 759, 765 (N.D. Ill. 1996),

      And the original loan was for $30,000.  Even if the debtor's loan with Bank

One has been rescinded pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(d), most

courts have granted the secured creditor a rescission claim that will require the debtor to

repay the loan principal, less payments received.  See, e.g., In re Merriman, 329 B.R. 710

(D. Kan. 2005); Quenzer v. Advanta Mortgage Corp. USA, 288 B.R. 884, 888-89 (D.

Kan. 2003); In re Daniels, Bankr. No. 04-11496, slip. op., at 6-7, http://www.paeb.

uscourts.gov/pages/pubopins (Raslavich, B.J.); In re Lynch, 170 B.R. 26 (Bankr. D.N.H.

1994).  Courts may differ regarding whether rescission by the chapter 13 debtor must be

---

[7]I shall address the jurisdictional and preclusion issues separately, in the context
of Bank One's motion to dismiss the adversary proceeding.  I note though that in Apaydin Judge
Raslavich rejected arguments that the entry of a foreclosure judgment precluded a Truth in
Lending rescission claim based upon res judicata and collateral estoppel.  He did not directly
address the Rooker-Feldman issue.  Just recently however, in In re Faust, slip op., Adv. No. 06-
0253, at 6 (Bankr. E.D. Pa., Sept. 26, 2006), Judge Raslavich held that he was jurisdictionally
barred from considering a state law mortgage rescission claim raised after entry of a foreclosure
judgment.

conditioned upon the debtor's immediate tender of the entire outstanding principal

amount—Judge Raslavich has held that a tender is required, see In re Daniels, slip op., at

6-7, while Chief Judge Sigmund has permitted this sum to be repaid over the life of the

proposed plan.  In re Williams, 291 B.R. 636 (Bankr. E.D. Pa. 2003).  But courts

generally do require that the chapter 13 debtor repay the outstanding principal amount,

which is consistent with the common law notions of rescission.  See In re Apaydin, 201

B.R. at 723-24; see generally Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir.

2003), cert. denied, 540 U.S. 1149 (2004); Federal Deposit Ins. Corp. v. Hughes

Development Co., Inc., 938 F.2d 889 (8th Cir. 1991), cert. denied sub nom. Hughes

Development Co., Inc. v. Great Plains Capital Corp., 502 U.S. 1099 (1992); Aquino v.

Public Finance Consumer Discount Co., 606 F. Supp. 504, 509 (E.D. Pa. 1985); see also

Ray v. Citifinancial, Inc., 228 F. Supp.2d 664 (D. Md. 2002) (suggesting that if the lender

has acted egregiously, further deductions from the unpaid principal may be appropriate),

And the only evidence presented in this contested matter reflects that the

debtor can afford to pay no more than $59 per month to the trustee in this chapter 13 case.

Even if the loan now held by Bank One were rescinded, and thus the creditor's claim

were limited to its outstanding principal amount, and even if the debtor could reduce that

amount by $2,000 for statutory recoupment, see, e.g., In re Merriman, 329 B.R. at 717-

18,[8] the amount due Bank One would far exceed the amount the debtor can afford to pay

in this chapter 13 case.  There is no evidence (aside from an assertion in a letter to the

Bureau of Consumer Protection that two payments had been made) that the debtor

---

[8]Affirmative recovery is precluded by the statute of limitations.  15 U.S.C. §
1640(e); see, e.g., In re Roberson, 262 B.R. 312, 322 (Bankr. E.D. Pa. 2001).

12

tendered any payments to Bank One.  Indeed, Bank One's proof of claim—asserting that

the outstanding principal balance is $29,864.43, Ex. M-3—  as well as the amount of the

state court judgment suggest otherwise,

And further, there was no evidence offered in the terms of the mortgage,

nor argument by the debtor, that she can bifurcate Bank One's allowed secured claim and

limit it to the value of the realty, in light of 11 U.S.C. § 1322(b)(2).  See generally In re

Ferandos, 402 F.3d 147 (3d Cir. 2005),

And even if the debtor were to grant Bank One a security interest in 6116

Upland Street as additional collateral, the disclosed value for that realty (only $10,000),

would not adequately protect the much larger rescission claim of Bank One,

Accordingly, it is hereby ordered, pursuant to 11 U.S.C. § 362(d)(1), that

the motion of Bank One to terminate the automatic stay to foreclose upon the debtor's

interest in the real property located at 6112 Upland Street, Philadelphia, Pennsylvania, is

granted.[9]

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Devon E. Sanders, Esquire
Community Legal Services, Inc.
Law Center North Central
3638 North Broad Street
Philadelphia, PA 19140

_____

[9]Given this result, I do not address Bank One's alternative argument that it is
entitled to relief from the stay under section 362(d)(2).

13

Leon P. Haller, Esquire
Lisa A. Raynard, Esquire
Purcell, Krug & Haller
1719 North Front Street
Harrisburg, PA 17102

Ms. Cheryl A. Randall
6112 Upland Street
Philadelphia, PA 19142